# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PUNAOFO TSUGITO TILEI,<br><br>        Plaintiff,<br><br>    v.<br><br>W. J. McGUINNESS, et al.,<br><br>        Defendants.<br>_____ / | CASE NO. 1:10-cv00069-LJO SKO PC<br><br>ORDER (1) DENYING MOTION FOR EXPEDITED HEARING AND (2) DENYING MOTION TO SET ASIDE JUDGMENT, FOR CONSOLIDATION, AND FOR COUNSEL, WITH PREJUDICE<br><br>(Docs. 14 and 15) |

      Plaintiff Punaofo Tsugito Tilei, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 13, 2010. This action was dismissed, with prejudice, on March 7, 2011, for failure to state a claim upon which relief may be granted. On February 7, 2012, Plaintiff filed a motion seeking an expedited hearing and on February 9, 2012, Plaintiff filed a motion seeking to set aside judgment, for consolidation, and for the appointment of counsel.

      Plaintiff's motion for an expedited hearing, considered in conjunction with his motion to set aside judgment, for consolidation, and for counsel, is denied. All motions in this case are to be submitted on the record without a hearing and Plaintiff's motions present no exception warranting deviation from the Local Rule. Local Rule 230(l).

      With respect to setting aside judgment and reopening this case, Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. <u>Harvest v. Castro</u>, 531 F.3d

737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control. . . ." <u>Id.</u> (internal quotation marks and citation omitted).

Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion." "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." <u>Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.</u>, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

In this action, Plaintiff was litigating health care issues at California State Prison-Corcoran. His complaint was dismissed, with leave to amend within thirty days, on October 13, 2010. After Plaintiff failed to comply with or otherwise respond to the order, the Magistrate Judge recommended dismissal of this action and Plaintiff was permitted to file any objections within thirty days. Plaintiff failed to file any objections and the case was dismissed on March 7, 2011. Plaintiff did not file a notice of appeal and no activity occurred in the case until the motions presently before the Court were filed.

Plaintiff has not shown the existence of extraordinary circumstances justifying relief from judgment. Fed. R. Civ. P. 60(b)(6); Local Rule 230(j); <u>Marlyn Nutraceuticals, Inc.</u>, 571 F.3d at 880<u>: Harvest</u>, 531 F.3d at 749. Plaintiff had ample opportunity to file an amended complaint, file objections, and either appeal or file an earlier motion for relief from judgment; and Plaintiff's present motion, filed almost one year after dismissal, is devoid of any grounds making the requisite showing to set aside judgment.

The Court acknowledges Plaintiff's allegations that he is currently suffering from very serious medical issues. However, the reopening of this action, which pled claims arising from past

events at a prison where Plaintiff has not been incarcerated since 2009, is not the appropriate remedy for Plaintiff's complaints about his present medical needs. Nor is reopening this action and allowing Plaintiff to add new medical care claims arising from events at Salinas Valley State Prison, where Plaintiff is presently incarcerated, appropriate. The dismissal of this action does not preclude Plaintiff from litigating, in another action, claims based on medical care at Salinas Valley State Prison. However, federal venue for those claims is in the Northern District of California, as Plaintiff is aware.

In sum, the Court finds that Plaintiff has not met his burden as the party moving for relief from judgment in this case and his motion is denied, with prejudice. Fed. R. Civ. P. 60(b)(6); Local Rule 230(j); Marlyn Nutraceuticals, Inc., 571 F.3d at 880; Harvest, 531 F.3d at 749.

Regarding the appointment of counsel, this case is closed and it shall remain closed. Therefore, extraordinary circumstances warranting the voluntary assistance of counsel do not exist. 28 U.S.C. § 1915(e)(1); Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1981).

For the reasons set forth above, it is HEREBY ORDERED that:

1. Plaintiff's motion for an expedited hearing, filed on February 7, 2012, is DENIED; and
2. Plaintiff's motion for relief from judgment, for consolidation, and for the appointment of counsel, filed on February 9, 2012, is DENIED, with prejudice.

IT IS SO ORDERED.

**Dated:   February 10, 2012**             /s/ Lawrence J. O'Neill
                                                            UNITED STATES DISTRICT JUDGE