# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PUNAOFO TSUGITO TILEI,<br><br>          Plaintiff,<br><br>   v.<br><br>W. J. McGUINNESS, et al.,<br><br>          Defendants.<br>_____/ | CASE NO. 1:10-cv00069-LJO SKO PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND REQUIRING PLAINTIFF TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS<br><br>(Docs. 10, 15, and 23)<br><br>ORDER DIRECTING CLERK'S OFFICE TO PROVIDE COMPLAINT FORM AND COURTESY COPY OF SCREENING ORDER<br><br>(Doc. 10) |

     Plaintiff Punaofo Tsugito Tilei, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 13, 2010. This action was dismissed on March 7, 2011, for failure to state any claims following Plaintiff's failure to file an amended complaint. 28 U.S.C. § 1915A. On February 10, 2012, pursuant to Federal Rule of Civil Procedure 60(b)(6), the Court denied Plaintiff's motion for relief from the dismissal. On February 14, 2013, the United States Court of Appeals for the Ninth Circuit reversed and remanded the action on the ground that Plaintiff was entitled to relief from judgment based on excusable neglect. Fed. R. Civ. P. 60(b)(1). Accordingly, pursuant to the appellate decision, which included the direction that the Court consider Plaintiff's motion for the appointment of counsel in light of his medical condition, the Court orders as follows.

     Plaintiff does not have a constitutional right to the appointment of counsel in this action. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Storseth v. Spellman, 654 F.2d 1349, 1353 (9th

Cir. 1981). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist. Palmer, 560 F.3d at 970; Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. Palmer, 560 F.3d at 970 (citation and quotation marks omitted); Wilborn, 789 F.2d at 1331. Neither consideration is dispositive and they must be viewed together. Palmer, 560 F.3d at 970 (citation and quotation marks omitted); Wilborn 789 F.2d at 1331.

Here, the Court does not find the required exceptional circumstances. Even assuming Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Id. While counsel may perhaps be warranted at a later stage in these proceedings, at this stage, exceptional circumstances do not exist.

The Court acknowledges, as it did in its order of February 10, 2012, that Plaintiff is suffering from serious health issues. However, Plaintiff is not incarcerated at an institution in this jurisdiction and to the extent that Plaintiff might be entitled to prospective relief, that relief may not be sought in this action. 18 U.S.C. § 3626(a)(1)(A); Summers v. Earth Island Institute, 555 U.S. 488, 493, 129 S.Ct. 1142, 1149 (2009); Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-61, 112 S.Ct. 2130 (1992); Alvarez v. Hill, 667 F.3d 1061, 1063-64 (9th Cir. 2012); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010), *cert. denied*, 131 S.Ct. 503 (2010).

In accordance with the appellate court's decision, within thirty days from the date of service of this order, Plaintiff shall file an amended complaint in compliance with the Court's screening order of October 13, 2010. Plaintiff is limited to amending his claims against prison officials at California State Prison-Corcoran and he may not attempt to litigate his current conditions of confinement at Salinas Valley State Prison (SVSP) in this action. Venue for claims against arising

from events at SVSP is proper in the Northern District of California.  See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) (court may raise defective venue sua sponte); see also Davis v. Mason County, 927 F.2d 1473, 1479 (9th Cir. 1991) (courts have broad discretion regarding severance).

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel is denied, without prejudice;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint in compliance with the screening order filed on October 13, 2010;

3. The Clerk's Office shall send Plaintiff a civil rights complaint form and a courtesy copy of the screening order filed on October 13, 2010; and

4. Plaintiff is warned that the failure to comply with this order will result in dismissal of this action.

IT IS SO ORDERED.

**Dated:   March 13, 2013**                    /s/ Sheila K. Oberto
                                              UNITED STATES MAGISTRATE JUDGE