# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PUNAOFO TSUGITO TILEI,<br><br>    Plaintiff,<br><br>    v.<br><br>W. J. McGUINNESS, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:10-cv00069-LJO SKO PC<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND REQUIRING PLAINTIFF TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS<br><br>(Doc. 27) |

      Plaintiff Punaofo Tsugito Tilei, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 13, 2010. This action was dismissed on March 7, 2011, for failure to state any claims following Plaintiff's failure to file an amended complaint. 28 U.S.C. § 1915A. On February 10, 2012, pursuant to Federal Rule of Civil Procedure 60(b)(6), the Court denied Plaintiff's motion for relief from the dismissal. On February 14, 2013, the United States Court of Appeals for the Ninth Circuit reversed and remanded the action on the ground that Plaintiff was entitled to relief from judgment based on excusable neglect. Fed. R. Civ. P. 60(b)(1).

      Pursuant to the appellate decision, which included the direction that the Court consider Plaintiff's motion for the appointment of counsel in light of his medical condition, the Magistrate Judge issued an order on March 14, 2013, denying the appointment of counsel and requiring Plaintiff to file an amended complaint within thirty days. On April 22, 2013, Plaintiff filed a motion seeking a "new determination" regarding the appointment of counsel in light of his current medical condition. (Doc. 27.)

1

1    Plaintiff does not have a constitutional right to the appointment of counsel in this action.
2 *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th
3 Cir. 1981).  The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. §
4 1915(e)(1), but it will do so only if exceptional circumstances exist.  *Palmer*, 560 F.3d at 970;
5 *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  In making this determination, the
6 Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate
7 his claims *pro se* in light of the complexity of the legal issues involved.  *Palmer*, 560 F.3d at 970
8 (citation and quotation marks omitted); *Wilborn*, 789 F.2d at 1331.  Neither consideration is
9 dispositive and they must be viewed together.  *Palmer*, 560 F.3d at 970 (citation and quotation marks
10 omitted); *Wilborn* 789 F.2d at 1331.

11    In the present case, the Court does not find the required exceptional circumstances.  Even if
12 it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations
13 which, if proved, would entitle him to relief, his case is not exceptional.  The Court is faced with
14 similar cases almost daily.  Further, at this early stage in the proceedings, the Court cannot make a
15 determination that Plaintiff is likely to succeed on the merits, and based on a review of the record
16 in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.  *Id.*  In
17 particular, Plaintiff has not yet filed an amended complaint, which precludes a finding that he is
18 likely to succeed on the merits, and the record in this action reflects that Plaintiff is capable of doing
19 what he has been ordered to do: file an amended complaint.  While counsel may perhaps be
20 warranted at a later stage in these proceedings, at this stage, exceptional circumstances do not exist.

21    As the Court has previously acknowledged in two orders, Plaintiff is suffering from serious
22 health issues.  However, as the Magistrate Judge stated, Plaintiff is not incarcerated at an institution
23 in this jurisdiction and to the extent he might be entitled to prospective relief, that relief may not be
24 sought in this action.[1]  18 U.S.C. § 3626(a)(1)(A); *Summers v. Earth Island Institute*, 555 U.S. 488,
25 493, 129 S.Ct. 1142, 1149 (2009); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-61, 112 S.Ct.

---

[1] Plaintiff's intense focus on his current conditions of confinement and medical condition coupled with his silence regarding that fact that this action arises out of past events at California State Prison-Corcoran cause the Court concern.  Plaintiff must understand that he will *not* be allowed to use *this* action to challenge his current conditions of confinement at Salinas Valley State Prison.

2130 (1992); *Alvarez v. Hill*, 667 F.3d 1061, 1063-64 (9th Cir. 2012); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010), *cert. denied*, 131 S.Ct. 503 (2010).

    Accordingly, Plaintiff's motion for the appointment of counsel is HEREBY DENIED and Plaintiff has **thirty (30) days** from the date of service of this order to file an amended complaint in compliance with the order filed on March 14, 2013. If Plaintiff fails to do so, this action will be dismissed.

IT IS SO ORDERED.

**Dated:   April 23, 2013**                              /s/  Lawrence J. O'Neill
                                                                                       UNITED STATES DISTRICT JUDGE