1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9  PUNAOFO TSUGITO TILEI,                       CASE NO. 1:10-cv00069-LJO SKO PC

10              Plaintiff,                      ORDER DENYING MOTION FOR
                                                APPOINTMENT OF COUNSEL AND
11       v.                                     REQUIRING PLAINTIFF TO FILE AMENDED
                                                COMPLAINT WITHIN THIRTY DAYS
12  W. J. McGUINNESS, et al.,
                                                (Doc. 27)
13              Defendants.

14  _____/

15       Plaintiff Punaofo Tsugito Tilei, a state prisoner proceeding pro se and in forma pauperis, filed

16  this civil rights action pursuant to 42 U.S.C. § 1983 on January 13, 2010.  This action was dismissed

17  on March 7, 2011, for failure to state any claims following Plaintiff's failure to file an amended

18  complaint. 28 U.S.C. § 1915A.  On February 10, 2012, pursuant to Federal Rule of Civil Procedure

19  60(b)(6), the Court denied Plaintiff's motion for relief from the dismissal.  On February 14, 2013,

20  the United States Court of Appeals for the Ninth Circuit reversed and remanded the action on the

21  ground that Plaintiff was entitled to relief from judgment based on excusable neglect.  Fed. R. Civ.

22  P. 60(b)(1).

23       Pursuant to the appellate decision, which included the direction that the Court consider

24  Plaintiff's motion for the appointment of counsel in light of his medical condition, the Magistrate

25  Judge issued an order on March 14, 2013, denying the appointment of counsel and requiring Plaintiff

26  to file an amended complaint within thirty days.  On April 22, 2013, Plaintiff filed a motion seeking

27  a "new determination" regarding the appointment of counsel in light of his current medical

28  condition.  (Doc. 27.)

1    Plaintiff does not have a constitutional right to the appointment of counsel in this action.

2    *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th

3    Cir. 1981).  The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. §

4    1915(e)(1), but it will do so only if exceptional circumstances exist.  *Palmer*, 560 F.3d at 970;

5    *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  In making this determination, the

6    Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate

7    his claims *pro se* in light of the complexity of the legal issues involved.  *Palmer*, 560 F.3d at 970

8    (citation and quotation marks omitted); *Wilborn*, 789 F.2d at 1331.  Neither consideration is

9    dispositive and they must be viewed together.  *Palmer*, 560 F.3d at 970 (citation and quotation marks

10   omitted); *Wilborn* 789 F.2d at 1331.

11   In the present case, the Court does not find the required exceptional circumstances.  Even if

12   it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations

13   which, if proved, would entitle him to relief, his case is not exceptional.  The Court is faced with

14   similar cases almost daily.  Further, at this early stage in the proceedings, the Court cannot make a

15   determination that Plaintiff is likely to succeed on the merits, and based on a review of the record

16   in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.  *Id.*  In

17   particular, Plaintiff has not yet filed an amended complaint, which precludes a finding that he is

18   likely to succeed on the merits, and the record in this action reflects that Plaintiff is capable of doing

19   what he has been ordered to do: file an amended complaint.  While counsel may perhaps be

20   warranted at a later stage in these proceedings, at this stage, exceptional circumstances do not exist.

21   As the Court has previously acknowledged in two orders, Plaintiff is suffering from serious

22   health issues.  However, as the Magistrate Judge stated, Plaintiff is not incarcerated at an institution

23   in this jurisdiction and to the extent he might be entitled to prospective relief, that relief may not be

24   sought in this action.[1]  18 U.S.C. § 3626(a)(1)(A); *Summers v. Earth Island Institute*, 555 U.S. 488,

25   493, 129 S.Ct. 1142, 1149 (2009); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-61, 112 S.Ct.

26

27   [1] Plaintiff's intense focus on his current conditions of confinement and medical condition coupled with his
     silence regarding that fact that this action arises out of past events at California State Prison-Corcoran cause the

28   Court concern.  Plaintiff must understand that he will *not* be allowed to use *this* action to challenge his current
     conditions of confinement at Salinas Valley State Prison.

1  2130 (1992); *Alvarez v. Hill*, 667 F.3d 1061, 1063-64 (9th Cir. 2012); *Mayfield v. United States*, 599

2  F.3d 964, 969 (9th Cir. 2010), *cert. denied*, 131 S.Ct. 503 (2010).

3       Accordingly, Plaintiff's motion for the appointment of counsel is HEREBY DENIED and

4  Plaintiff has **thirty (30) days** from the date of service of this order to file an amended complaint in

5  compliance with the order filed on March 14, 2013.  If Plaintiff fails to do so, this action will be

6  dismissed.

7

8  IT IS SO ORDERED.

9  **Dated:    April 23, 2013             /s/  Lawrence J. O'Neill**
                                    UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28