# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PUNAOFO TSUGITO TILEI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>W. J. McGUINNESS, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:10-cv00069-LJO-SKO PC<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO FILE AN AMENDED COMPLAINT IN COMPLIANCE WITH THE COURT'S ORDERS<br><br>(Docs. 26 and 28) |

**I.      Background**

Plaintiff Punaofo Tsugito Tilei, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 13, 2010. On March 14, 2013, in accordance with the decision of the Court of Appeals for the Ninth Circuit, the Court considered Plaintiff's motion for the appointment of counsel in light of his medical issues; denied the motion for counsel, without prejudice; and ordered Plaintiff to file an amended complaint within thirty days. On April 22, 2013, in spite of the Court's recent order, Plaintiff requested his motion for counsel again be considered. On April 24, 2013, the Court considered and again denied Plaintiff's request for counsel, without prejudice, and ordered him to file an amended complaint within thirty days.

More than thirty days have passed and Plaintiff has not complied with the directive to file an amended complaint. Although Plaintiff filed a notice of appeal of the Court's April 24, 2013, order, "[w]hen a Notice of Appeal is defective in that it refers to a non-appealable interlocutory order, it does not transfer jurisdiction to the appellate court, and so the ordinary rule that the district court cannot act until the mandate has issued on the appeal does not apply." *Nascimento v. Dummer*,

508 F.3d 905, 908 (9th Cir. 2007).  The denial of counsel is not immediately appealable, *Wilborn v. Escalderon*, 789 F.2d 1328, 1330 (9th Cir. 1986), and therefore, Plaintiff's notice of appeal neither divested the Court of jurisdiction nor relieved Plaintiff of his obligation to comply with the Court's orders to amend, *Nascimento*, 508 F.3d at 908.

## II.     Discussion

Plaintiff has had almost three months to file an amended complaint, but he has not done so. Without a pleading on file, this action cannot proceed and the Court is not required to keep open and unprosecuted an action in which the plaintiff has repeatedly failed to file an amended complaint as ordered.

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000).  In determining whether to dismiss an action for failure to comply with an order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted).  These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re PPA*, 460 F.3d at 1226 (citation omitted).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).  This action was filed in 2010 and Plaintiff has had almost three months to amend.  *Pagtalunan*, 291 F.3d at 642. Plaintiff is obligated to comply with court orders and he was given two opportunities to amend, each accompanied by a warning that the failure to comply would result in dismissal of the action.  Despite Plaintiff's obligation to obey court orders, he has not complied with the directive to amend.  The Court cannot effectively manage its docket in this circumstance.  *Id.*  The ability of this case to proceed is entirely dependent upon Plaintiff's

///

2

compliance with the order to amend. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale" and it is Plaintiff's failure to comply with the Court's orders that is causing delay. *Id.* Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding in forma pauperis in this action, making monetary sanctions of little use; and given this stage of the proceedings, the preclusion of evidence or witnesses is likely to have no effect on Plaintiff. The juncture at which those might be meaningful sanctions is simply too remote for them to be effective presently.

Finally, because public policy favors disposition on the merits, this factor usually weighs against dismissal. *Id.* at 643. However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," as is the case here. *In re PPA*, 460 F.3d at 1228 (internal quotations and citations omitted).

### III. <u>Conclusion and Order</u>

The Court is buried under a veritable flood of civil cases and it simply cannot afford to expend further resources attempting to coax a litigant into doing the one thing that is critical for his case to proceed. Plaintiff was explicitly warned by the Magistrate Judge on March 14, 2013, and again by the undersigned on April 24, 2013, that his failure to comply with the order to amend would result in dismissal of the action.

///

///

///

Accordingly, the Court finds that dismissal is the appropriate sanction for Plaintiff's failure to comply with the orders to amend, and the Court HEREBY DISMISSES this action, with prejudice, for failure to obey the Court's orders.  The clerk is directed to close this action.


IT IS SO ORDERED.

**Dated:**   **June 7, 2013**                    **/s/  Lawrence J. O'Neill**
                                                                UNITED STATES DISTRICT JUDGE