# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PUNAOFO TSUGITO TILEI,<br><br>Plaintiff,<br><br>v.<br><br>McGUINNESS, et al.,<br><br>Defendants. | **Case No. 1:10-cv-00069-LJO-SKO (PC)**<br><br>**ORDER REQUIRING DEFENDANTS TO SHOW CAUSE WHY THEIR MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM SHOULD NOT BE STRICKEN FROM THE RECORD**<br><br>**(Doc. 66)**<br><br>**SEVEN (7) DAY DEADLINE** |

Plaintiff, Punaofo Tsugito Tilei, is a state prison inmate proceeding *in forma pauperis* in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on January 13, 2010. (Doc. 1.)

Following the proceedings in this Court, Plaintiff filed an appeal with the Ninth Circuit. On appeal, the Ninth Circuit found that the Complaint states a cognizable claim for relief under section 1983 against Defendants C.M.O. William J. McGuinness M.D., Jeremy Wang M.D., H. Hasrdsri M.D., Joseph Obriza M.D., Julian Kim M.D., Jeffrey Neubarth M.D., N. Loadholt, FNP, and P. Rouch, FNP for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment.[1] (Docs. 43, 44.)

//

---

[1] Though the Ninth Circuit found that Plaintiff stated a cognizable claim against Dr. Hasrdsri, Plaintiff voluntarily dismissed Dr. Hasrdsri from the action. (Docs. 64, 65.) The Ninth Circuit found that Plaintiff did not state a claim against Lisa Salinas (Doc. 43, p. 3) and she was dismissed from the action (Doc. 46).

1

The Ninth Circuit previously ruled (Doc. 43) that Plaintiff's allegations are sufficient to state a claim upon which relief may be granted against the named defendants for violation of the Eighth Amendment. 28 U.S.C. § 1915A; *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Without acknowledging that binding decision, Defendants now seek dismissal of Plaintiff's Eighth Amendment claims against Defendants Obaiza and Wang, asserting that Plaintiff has not stated a cognizable claim against them. (Doc. 66.)

The rule of mandate prohibits this Court from varying or examining the mandate from the Ninth Circuit as to whether Plaintiff's claims are cognizable. *United States v. Cote*, 51 F.3d 178, 181 (9th Cir.1995); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012). "Violation of the rule of mandate is a jurisdictional error." *Hall*, 697 F.3d at 1067 (citing *United States v. Thrasher*, 483 F.3d 977, 982 (9th Cir. 2007). Defendants' counsel, as an officer of the court, has a duty of good faith and candor to the court, and sanctions may be imposed for filing frivolous motions which serve only to unnecessarily multiply the proceedings. *Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1119 (9th Cir. 2000).

Accordingly, it is HEREBY ORDERED that within **seven (7) days** from the date of service of this order, Defendants shall show cause[2] why their motion to dismiss should not be summarily stricken; alternatively Defendants may withdraw their motion to dismiss.

IT IS SO ORDERED.

Dated: **April 24, 2017**        /s/ *Sheila K. Oberto*
                                 UNITED STATES MAGISTRATE JUDGE

---

[2] Depending upon the response to this order, the Court may issue an order to show cause why sanctions should not be imposed.

2